# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SCOTT S. MELLECKER,**

    **Plaintiff,**

**v.**                                                                        **Case No.  8:11-cv-1585-T-30EAJ**

**CORTEZ COMMUNITY BANK,**

    **Defendant.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon the Amended Motion to Substitute the Federal Deposit Insurance Corporation, as Receiver ("FDIC-R") for Defendant Cortez Community Bank[1] and Stay the Proceeding (Dkt. 8) and Plaintiff's Response to the motion (Dkt. 9).  The FDIC-R asks the Court to stay the proceedings to allow Plaintiff and the FDIC-R to resolve the pending issues through the FDIC-R's administrative process.

Plaintiff filed this action against Cortez Community Bank, in Hernando County Circuit Court on February 2, 2011.  On or about April 29, 2011, the Florida Office of Financial Regulation closed Cortez and tendered to the FDIC the appointment as Receiver of Cortez.  The FDIC accepted that appointment.  As a result, the FDIC-R took over all of the assets and liabilities of Cortez, including Plaintiff's claim, pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").

---

[1] Plaintiff does not oppose the substitution of the FDIC-R for Defendant Cortez Community Bank.

The FDIC-R argues that the requested stay is mandatory under the FIRREA. Plaintiff opposes the stay arguing that such a stay is only mandatory with regard to post-receivership claims, that is, claims that have been filed after the FDIC has taken over as receiver for a failed bank. Neither party's argument is completely accurate.

The Eleventh Circuit has held that in pre-receivership claims, such as the instant action, the FDIC-R has the option of whether to proceed with the action through litigation or to mandate the resolution of the claim through the administrative process. *Damiano v. FDIC*, 104 F.3d 328, 334 (11th Cir. Fla. 1997). "The [FDIC-R] must satisfy two conditions to require the plaintiff in a pre-receivership lawsuit to exhaust its administrative remedies before continuing the action: (1) The [FDIC-R] must 'insist on the use of its administrative processes,' by staying the action and informing the plaintiff that it is doing so pending exhaustion of the administrative remedies, and (2) it must do so in a timely fashion, that is, within the ninety-day period specified in § 1821(d)(12)[2]." *Id.* at 335.

Though the FDIC-R's motion comes near the end of the ninety-day period, the FDIC-R did timely file its motion for a stay. Citing *Praxis Properties, Inc. v. Colonial Sav. Banks, S.L.A.*, 947 F.2d 49, 71 (3d. 1991), Plaintiff argues that even if granted a stay, the stay would automatically have expired on July 28, 2011, which is ninety days after FDIC-R was appointed as receiver. No Eleventh Circuit cases, however, have applied the statute in that way for pre-receivership claims. Indeed, even the *Praxis* case cited by Plaintiff is a post-

---

[2] The ninety-day period begins to run on the date the FDIC is appointed as receiver for the failed bank. 12 U.S.C. § 1821(d)(12)(A).

receivership action. And the Eleventh Circuit has clearly held that a different statutory scheme is applied to post-receivership cases and pre-receivership cases. *Damiano*, 104 F.3d at 333.

It is therefore ORDERED AND ADJUDGED that:

1. The Motion to Substitute the FDIC-R for Defendant Cortez Community Bank and Stay the Proceedings (Dkt. 8) is GRANTED.

2. The Clerk is directed to Substitute the FDIC, as Receiver, for Defendant Cortez Community Bank.

3. This action is STAYED until the earlier of (i) 180-days since Plaintiff filed his proof of claim (i.e., through December 17, 2011); (ii) the day following the FDIC-R's determination of Plaintiff's administrative claim; or (iii) the last day for the FDIC to determine Plaintiff's administrative claim.

4. The Clerk is directed to administratively close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 3, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-1585.stay 8.frm